## HEILBRUN v HEILBRUN

Ohio Appeals, 1st Dist, Hamilton Co

No 5855. Decided Jan 6 1941

Gilbert Bettman, Cincinnati, for appellee.

Leonard H. Freiberg, Cincinnati, for appellant.

## OPINION

By HAMILTON, PJ.

Appeal on questions of law.

On January 11, 1938, plaintiff-appellee, was granted a divorce on her petition in an action brought against defendant, appellant here, for gross neglect of duty.

Previous to the divorce, the parties entered into an agreement, the pertinent part of which is as follows:

"1. Said Husband agrees, during his lifetime, to pay to said wife, the sum of Two Hundred Sixty Dollars ($260.00) the first day of each and every month from the signing of this agreement until a date six (6) years thereafter, or until the death or remarriage of said wife, should she die or remarry during said six year period; and thereafter, the wife being alive and unmarried, said Husband surviving and during his lifetime, agrees to pay to her the sum of Two Hundred Dollars ($200.00) the first day of each and every month until her death or remarriage. Out of said sums paid to said Wife, said Wife agrees to provide for and maintain said child, Herbert M. Heilbrun so long as he shall remain a minor, provided, however, that suits and overcoats for said minor are to be supplied him by the husband. No accounting for expenditure of the sums paid to the wife is to be required of her."

The agreement was approved by the Court and incorporated into the decree.

The parties acted under the agreement for more than two years, the appellant paid the $260.00 as provided for therein.

Later, he filed his motion in this case asking for modification of the agreement by way of reduction of the monthly payments and change of custody of the child. The Court of Domestic Relations ruled that, under the established law, it was without power to modify the agreement, but would hear the question of change of custody of the minor child.

Upon the evidence adduced, the trial court refused to change its previous order as to the custody of the minor child, and we find no error in its conclusion or in its ruling on the admission of evidence. The evidence excluded pertained solely to acts which took place prior to the granting of the divorce.

The Court having determined that it was without power to change the agreement for alimony, overruled the motion to modify the decree. Thereupon, appellant filed his appeal to this court.

The conclusion of this court is, that the Court of Domestic Relations was correct under the law pronounced by the Supreme Court in the case of **Law v Law, 64 Oh St 369,** and on authority of that case, the judgment is affirmed.

MATTHEWS & ROSS, JJ., concur.